IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Patrick Husband,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-13-01320-PHX-DLR<br><br>**ORDER** |

　　　Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Deborah M. Fine (Doc. 90), Respondent's Objections to Magistrates Report and Recommendation (Doc. 93) and Petitioner's Response to State's Objections (Doc. 94.).

　　　The R&R recommends that the Court order that Petitioner's habeas petition be amended to included Ineffective Assistance of Appellate Counsel ("IAAC") and ineffective assistance of PCR counsel claims and that the Court find that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) is applicable to excuse Petitioner's procedural defaults of his IAAC claim and his irreconcilable conflict claim in Grounds One and Six of his Amended Petition. The R&R recommends that the Court conduct a hearing to allow Petitioner to establish cause and prejudice for the procedural defaults. The Court agrees with Magistrate Judge that after *Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013) the *Martinez* standard for "cause" applies where the counsel for the post-conviction state proceeding was unable to raise the IAAC claim in the PCR because appellate and PCR

1 counsel were one and the same.  The Court further agrees with the Magistrate Judge that in Arizona an indigent defendant has no right to court appointed counsel for the second PCR and therefore Petitioner had no realistic opportunity to raise the IAAC in state court when appellate counsel and PCR counsel were one in the same.  The court agrees with the Magistrate Judge that Petitioner's failure to present the second IAAC claim in state court is not a fatal procedural default.  Further, the Court agrees that Petitioner should be afforded a hearing to establish cause and prejudice.

The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R.  (R&R at 15 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72)).  Respondent filed its objections on August 3, 2016 (Doc. 93) and Petitioner filed his Response to State's Objections to Magistrate's Report and Recommendation on August 17, 2016.  (Doc. 94.)

The Court has considered the objections and reviewed the Report and Recommendation de novo.  *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made).  The Court agrees with the Magistrate Judge's determinations, accepts the recommended decision within the meaning of Rule 72(b), Fed. R. Civ. P., and overrules Respondent's objections.  *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS THEREFORE ORDERED that** Report and Recommendation of the Magistrate Judge (Doc. 90) is accepted.

**IT IS FURTHER ORDERED that** Petitioner's habeas petition be amended, as requested by Petitioner's counsel (Doc. 89 at 5), to include IAAC and ineffective assistance of PCR counsel claims.

**IT IS FURTHER ORDERED that** *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), is applicable to excuse Petitioner's procedural defaults of his IAAC claim and his irreconcilable conflict claim in Grounds One and Six of his Amended Petition Under 28

U.S.C. § 2254 (Doc. 15).

**IT IS FURTHER ORDERED** setting a hearing on **November 22, 2016 at 1:30 p.m.**, for four hours to allow Petitioner the opportunity to establish cause and prejudice for the procedural defaults.

Dated this 30th day of September, 2016.

Douglas L. Rayes
United States District Judge